**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MASSAPEQUA UNION FREE SCHOOL DISTRICT, MASSAPEQUA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION,<br>Plaintiffs, | Case No. 2:25-cv-05892-JMA-ARL |
| v. | |
| BETTY A. ROSA, in her official capacity as Commissioner of Education, DENISE M. MIRANDA, in her official capacity as Commissioner of the New York State Division of Human Rights, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and JANE DOE and JOHN DOE on behalf of their minor daughter JANIE DOE, UNITED STATES DEPARTMENT OF EDUCATION, LINDA E. MCMAHON in her official capacity as United States Secretary of Education,<br>Defendants. | **ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER** |

Upon the Supplemental Amended Complaint dated August 20, 2026; the Declaration of Nicholas C. Rigano, dated September 1, 2026, submitted pursuant to Local Civil Rule 6.1(d) and Rule 65(b) of the Federal Rules of Civil Procedure, and the exhibits annexed thereto; the Declaration of Ryan Ruf, Assistant Superintendent for Business and Operations of the Massapequa Union Free School District, dated August 31, 2026; the Declaration of Kerry Wachter, dated September 1, 2026; Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Restraining Order and Preliminary Injunction, dated September 1, 2026; and all prior pleadings and proceedings had herein; and sufficient reason appearing therefor, it is hereby

**ORDERED**, that Defendants Betty A. Rosa as New York State Commissioner of Education, Denise M. Miranda as New York State Commissioner of the New York State Division of Human Rights, and Letitia James as Attorney General of the State of New York in their official capacities (together, the "State Defendants") show cause before the Honorable Joan M. Azrack, United States District Judge, at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, Courtroom 920, on September ___, 2026, at _______________, or as soon thereafter as counsel may be heard, why an order should not be entered, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, preliminarily enjoining the State Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, from taking any of the actions described in Paragraph 2 of this Order during the pendency of this action; and it is further

**ORDERED** that, pending the hearing and determination of Plaintiffs' motion for a preliminary injunction the State Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are **TEMPORARILY RESTRAINED AND ENJOINED** from:

(a) commencing, prosecuting, or continuing any enforcement action, disciplinary proceeding, removal proceeding, audit, or other administrative or judicial proceeding against Plaintiffs, against any member of the Board of Education of the Massapequa Union Free School District, or against the Superintendent of Schools, on the basis of Plaintiffs' maintenance or enforcement of the resolutions adopted on September 9, 2025 and September 18, 2025 (the "Resolutions") or of

any policy assigning students to multi-user restrooms and locker rooms on the basis of biological sex;

(b) withholding, reducing, delaying, conditioning, or otherwise interfering with the payment or apportionment of any state aid, grant, reimbursement, or other funding otherwise payable to the District, on the basis described in subparagraph (a);

(c) taking any step to enforce, implement, or give effect against Plaintiffs to the Commissioner's decision and order dated April 20, 2026 (the "Order"), or the stay order dated October 14, 2025, insofar as those orders direct Plaintiffs to permit students to access multi-user restrooms and locker rooms on the basis of gender identity rather than biological sex; and

(d) imposing or threatening to impose any penalty, sanction, or adverse consequence upon Plaintiffs on the basis described in subparagraph (a);

and it is further

**ORDERED** that, nothing in this Order shall be construed to: (i) annul, vacate, reverse, or otherwise disturb the Order or any determination of state law made therein; (ii) require the District to deny any student access to the single-user, gender-neutral restrooms available in each of its school buildings; (iii) grant any relief against, or impose any obligation upon the Doe parties or any student; or (iv) relieve Plaintiffs of any obligation under Title IX of the Education Amendments of 1972 or its implementing regulations; and it is further

**ORDERED** that, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the security requirement is waived. the Court finding that there has been no showing of a likelihood of harm to the State Defendants from the restraint imposed; and it is further

**ORDERED** that, service of a copy of this Order, together with the papers upon which it is based, upon counsel of record for the State Defendants by electronic mail and through the Court's Electronic Case Filing system on or before September ___, 2026 , shall be deemed good and sufficient service thereof; and it is further

**ORDERED** that, any papers in opposition to Plaintiffs' motion for a preliminary injunction shall be served and filed on or before September ______, 2026, and any reply papers shall be served and filed on or before September ______, 2026; and it is further

Dated: Central Islip, New York
______________, 2026

_________________________________
THE HONORABLE JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE