# **EXHIBIT F**

THE STATE EDUCATION DEPARTMENT / THE UNIVERSITY OF THE STATE OF NEW YORK

Commissioner of Education
President of the University of the State of New York
89 Washington Ave., Room 111
Albany, New York 12234

E-mail: commissioner@nysed.gov
Twitter:@NYSEDNews
Tel: (518) 474-5844
Fax: (518) 473-4909

October 14, 2025

VIA EMAIL AND REGULAR MAIL

Nicholas C. Rigano, Esq.
Rigano LLC
538 Broad Hollow Road, Suite 301
Melville, New York 11747

Susan L. Greene, Esq.
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
2300 N Street, NW, Suite 643
Washington, DC 20037

Re: Appeal of JANE and JOHN DOE, on behalf of their child, from action of the Board of Education of the Massapequa Union Free School District regarding access to facilities.

**Interim Order and Stay**

Dear Mr. Rigano and Ms. Greene:

Pursuant to Education Law § 310 and 8 NYCRR § 276.1, the stay requested by petitioners is hereby granted.[1] Accordingly, respondent is hereby stayed from enforcing the September 9 and 18, 2025 resolutions challenged herein pending an ultimate determination of the appeal.

Petitioners have demonstrated a likelihood of success on the merits. State law and guidance on the rights of transgender individuals is unequivocal. Moreover, the people of New York State have codified the right to be free from discrimination on the basis of gender identity and expression in our State Constitution (N.Y. Const. Art. I, § XI). The case law, federal Executive Order (EO), and Title IX regulations relied upon by respondent are inapposite.

Additionally, the student's ability to access school facilities that align with her gender identity represents the status quo. Until September 2025, respondent respected State law by affording transgender individuals equal access to school facilities. The status quo remains enshrined in respondent's board policy 0100, which

[1] This provision allows a party to request a "a stay of any proceedings." While such a stay order was requested by petitioners, I also have the authority to grant a stay of my own volition "if in the commissioner's judgment the issuance of such a stay is necessary to protect the interests of the parties, or any of them, pending an ultimate determination of the appeal."

affirms respondent's commitment to the rights of transgender students and adults.[2] While respondent suggests that it was compelled to adopt the resolution in response to the federal EO, it has not explained why it waited eight months to do so.[3]

To the extent respondent contends that this case concerns a provision of the Human Rights Law over which I lack jurisdiction, petitioners present other claims, including a general allegation of arbitrary/capricious action[4] and a claim arising under the Dignity for All Students Act, that are unquestionably within my jurisdiction.[5] While the Commissioner has previously declined to address "novel issues of constitutional law," the Commissioner can address, and has addressed, constitutional claims on appeal (*e.g., Appeal of Music*, 63 Ed Dept Rep, Decision No. 18,421 [concluding that petitioner was not entitled to a name-clearing hearing under the Fourteenth Amendment]; *Appeal of J.R. and N.R.*, 48 *id.* 239, Decision No. 15,848 [analyzing whether school officials engaged in an impermissible search under the Fourth Amendment]).

I further find that petitioners have proven that the student will suffer irreparable harm absent a stay. Petitioners allege that the gender-neutral restrooms present a barrier to access as they "are not located near [the student's] classrooms." Additionally, the student has explained how and why it is "humiliating and isolating" to use the gender-neutral locker room. Respondent, by contrast, presents only theoretical and speculative allegations of harm.

Finally, there is no basis for my recusal. Respondent suggests that a September 24, 2025 letter co-signed by counsel to the State Education Department (SED) reflects that I have "demonstrated bias" and "prejudge[d]" the outcome of this appeal. In addition to the requirement that I exercise judicial functions (Education Law § 301), such as examining and deciding all appeals under Education Law § 310, I have general supervisory authority over schools and the responsibility to execute all education policies determined by the Board of Regents (Education Law § 305). Therefore, I am obligated, by myself or through SED staff, to "advise and guide ... school officers ... in relation to their duties and the general management of the schools under their control" (Education Law § 305 [2]) and opine on the legal obligations of public schools (*see Matter of Katonah-Lewisboro v. N.Y. State Educ.*

---

[2] That policy reads, in pertinent part, that respondent and "its officers and employees [] will not discriminate ... on the basis of legally protected classes such as ... gender identity and expression (*i.e.*, actual or perceived gender-related identity ... including ... the status of being transgender) ...." I take notice of this policy pursuant to 8 NYCRR 276.6.

[3] The Commissioner has previously admonished this board for a sudden, unexplained shift in policy (*Appeal of Kaufmann, et al.*, 57 Ed Dept Rep, Decision No. 17,250). Indeed, two members of the current board, including the board president, were petitioners in that appeal.

[4] This includes a procedural claim that the board did not follow policy 2410 concerning the adoption and amendment of policies and a substantive claim that respondent's determination was unreasonable.

[5] *E.g., Appeal of A.V.A.*, 64 Ed Dept Rep, Decision No. 18,451 [Dignity for All Students Act]; *Appeal of Handsman*, 58 Ed Dept Rep, Decision No. 17,596 [arbitrary or capricious action]).

*Dep't*, CV-24-0696 [3d Dept, Jul. 17, 2025]; 8 NYCRR 3.7). Such roles present no basis for a conflict and respondent has otherwise failed to identify any basis for my recusal. As such, I decline to recuse myself (*see Appeal of A.M.,* 64 Ed Dept Rep, Decision No. 18,573; *Application of McCray, et al.*, 57 *id.*, Decision No. 17,307; *Application of Simmons*, 53 *id.*, Decision No. 16,596).[6]

Respondent is directed to file this duplicate original and send a statement of such filing to this office. A copy is enclosed for your files.

SO ORDERED.

Betty A. Rosa
Commissioner of Education

c: Emma Curran Donnelly Hulse, Esq.
Gabriella Larios, Esq.
Stefanie D. Coyle, Esq.
Bobby Hodgson, Esq.

[6] To the extent respondent believes that the September 24, 2025 letter contains inaccurate factual information, it may contest any such inaccuracies on appeal.