**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MASSAPEQUA UNION FREE SCHOOL DISTRICT, MASSAPEQUA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION,<br>Plaintiffs,<br><br>v.<br><br>BETTY A. ROSA, in her official capacity as Commissioner of Education, DENISE M. MIRANDA, in her official capacity as Commissioner of the New York State Division of Human Rights, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and JANE DOE and JOHN DOE on behalf of their minor daughter JANIE DOE, UNITED STATES DEPARTMENT OF EDUCATION,<br>LINDA E. MCMAHON in her official capacity as United States Secretary of Education,<br>Defendants. | Case No. 2:25-cv-05892-JMA-ARL |

**AFFIRMATION OF NICHOLAS C. RIGANO IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER**

NICHOLAS C. RIGANO, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

**Introduction**

1. I am a member of the bar of this Court and a Partner at Rigano LLC, counsel of record for Plaintiffs the Massapequa Union Free School District (the "District") and its Board of Education (together, "Plaintiffs"). I am fully familiar with the facts and proceedings set forth below.

2. I submit this affirmation to place before the Court true and correct copies of the documents on which Plaintiffs' application rests, and to make the showings required by Local Civil Rule 6.1(d) and Rule 65(b) of the Federal Rules of Civil Procedure.

3. Except where otherwise stated, the matters set forth herein are based on my personal knowledge, on documents I received or sent in the course of representing Plaintiffs, and on the records of this action and of the administrative proceeding before the Commissioner of Education.

**The Board of Education's Resolutions**

4. Exhibit A is a true and correct copy of the resolution adopted by the Board of Education on September 9, 2025.

5. Exhibit B is a true and correct copy of the Board's September 18, 2025 directive to the Superintendent of Schools.

**The Commissioner's Letter, Stay Order, and Order**

6. Exhibit C is a true and correct copy of the letter dated September 24, 2025 from Commissioner Betty A. Rosa to the President of the Board of Education.

7. Exhibit D is a true and correct copy of the joint statement issued in February 2025 by the Commissioner and the Attorney General, which is the sole authority cited in Exhibit C.

8. Exhibit E is a true and correct copy of the appeal petition dated October 2, 2025 filed with the Commissioner by the New York Civil Liberties Union on behalf of the Doe petitioners (the "Doe Proceeding").

9. Exhibit F is a true and correct copy of the stay order entered by the Commissioner in the Doe Proceeding on October 14, 2025.

10. Exhibit G is a true and correct copy of the Commissioner's decision and order dated April 20, 2026 (the "Order"), which annulled the Resolutions.

**The August 20, 2026 Letter from the United States (Exhibit H)**

11. Exhibit H is a true and correct copy of a letter dated August 20, 2026 from the United States Department of Justice, addressed to me in my capacity as counsel for Plaintiffs and my co-counsel in this action (the "DOJ Letter").

12. The District's position between two conflicting sovereign commands has been the central problem in this case since the Doe Proceeding was commenced in October 2025. From that time forward, the District was required to ascertain its own compliance obligations under federal law, including whether obeying the Commissioner's stay order would place it in violation of federal law, and I contacted the federal government so that the District could determine how to proceed.

13. Notwithstanding these efforts, the federal government did not provide its position. Accordingly, on December 5, 2025, Plaintiffs amended their complaint to name the federal defendants. *See* ECF No. 5.

14. After service of the summons and complaint, Mr. Michael Blume, counsel of record for the Federal Defendants, contacted me and co-counsel beginning in February 2026. Mr. Blume advised that he would be litigation counsel of record. From February through July 2026, Mr. Blume advised that the Department of Justice had elected, in response to the litigation, to state the federal government's position rather than proceed with adversarial briefing.

15. Plaintiffs offer Exhibit H not for the truth of the legal conclusions stated in it, but to establish the position the United States has communicated and the consequences the District now faces on either course of conduct available to it.

16. The receipt of the DOJ Letter on August 20, 2026 is the event that prompted this application.

17. The District's exposure to federal enforcement is not limited to the ultimate termination of federal financial assistance under 20 U.S.C. § 1682. As the DOJ Letter reflects, the Department of Education has, in comparable matters, opened investigations, issued findings of violation, designated recipients as high risk, and imposed restrictions and conditions on the disbursement of federal funds, and has referred matters to the Department of Justice for litigation. Measures of that kind may be taken well before any termination proceeding concludes, and the District's federal funding, including the food service and special education funding described in the accompanying declarations of Ryan Ruf and Kerry Wachter, would be at risk throughout.

**<u>The Voluntary Dismissal of the Federal Defendants</u>**

18. On August 24, 2026, Plaintiffs filed a notice of voluntary dismissal of the federal defendants in this action. ECF No. 48. Plaintiffs dismissed those claims after the DOJ Letter independently stated the federal government's legal position, which reached the same conclusion Plaintiffs had reached and left no live controversy between Plaintiffs and the United States. The DOJ Letter described that resulting alignment by stating "that the interests of Plaintiffs and the United States (including the named Federal Defendants) are not adverse."

**<u>Why a Procedure Other Than by Notice of Motion Is Necessary — Local Civil Rule 6.1(d)</u>**

19. The 2026–2027 academic year begins on September 2, 2026. On that date, the Order requires the District to open girls' restrooms and locker rooms to biological males (and vice versa). The injuries Plaintiffs seek to prevent begin on the first day of school and cannot be undone afterward.

20. A motion made in the ordinary course cannot be heard in time. Under Local Civil Rule 6.1(b), opposing papers would not be due until fourteen days after service and reply papers seven days later. That schedule alone carries this application past the first day of the school year.

21. Proceeding by order to show cause permits the Court to set a schedule that fits the calendar, to hear from the State Defendants before entering relief extending beyond the fourteen days prescribed by Rule 65(b)(2), and to preserve the status quo in the interim.

**Prior Applications for Similar Relief — Local Civil Rule 6.1(d)**

22. No previous application for the relief requested herein has been made to this or any other court.

**Notice to the Adverse Parties — Fed. R. Civ. P. 65(b)**

23. This application is made on notice. On August 28, 2026, I spoke by telephone with Helena Lynch, counsel of record for State Defendants, and immediately thereafter followed up with an email to advise Ms. Lynch that Plaintiffs would file this application today and to ask about her availability for a conference with the Court. Ms. Lynch advised that she is on vacation until noon on September 1, 2026 and will be available thereafter. Ms. Lynch advised that she prefers such conference proceed virtually or telephonically. Ms. Lynch responded to that email copying Matthew Faiella of the Attorney General's Office asking that Mr. Faiella be copied on correspondence going forward. Exhibit I is a true and correct copy of the referenced email chain.

24. Plaintiffs will send a copy of the filed papers by email to Ms. Lynch and Mr. Faiella immediately after filing. Plaintiff also consent to any schedule that accommodates Ms. Lynch's return, and will appear in person, virtually or telephonically at the Court's convenience, though I am unavailable to attend such hearing on September 4th, 10th and 11th.

25. Contemporaneously with filing, I caused a complete set of these papers (the proposed order to show cause, this affirmation, the declarations, the exhibits, and Plaintiffs' memorandum of law) to be served on all counsel of record through the Court's ECF system.

**Security**

26. Plaintiffs respectfully request that the Court dispense with the security requirement of Rule 65(c). *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 136 (2d Cir. 1997). The restraint sought would bar the State Defendants only from initiating enforcement during the pendency of this application, imposes no monetary obligation on them, and no showing of likely harm to them has been made.

**Conclusion**

27. For the reasons set forth herein and in the accompanying memorandum of law, Plaintiffs respectfully request that the Court sign the proposed order to show cause, grant the temporary restraining order requested therein, and set the matter down for a hearing at its earliest convenience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026

Nicholas C. Rigano
Rigano LLC
534 Broad Hollow Rd.
Suite 100
Melville, NY 11747
nrigano@riganollc.com
*Co-Counsel for Plaintiffs*