**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MASSAPEQUA UNION FREE SCHOOL DISTRICT, MASSAPEQUA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION,

Plaintiffs,

-against-

BETTY A. ROSA, in her official capacity as Commissioner of Education, DENISE M. MIRANDA, in her official capacity as Commissioner of the New York State Division of Human Rights, LETITIA A. JAMES, in her official capacity as Attorney General of the State of New York, and JANE DOE and JOHN DOE on behalf of their minor daughter JANIE DOE, UNITED STATES DEPARTMENT OF EDUCATION, LINDA E. MCMAHON in her official capacity as United States Secretary of Education,

Defendants.

-----------------------------------------------------------------X

**DECLARATION OF KERRY WACHTER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Case No.: 25-5892

I, Kerry Wachter, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the President of the Board of Education for the Massapequa School District ("the District"). I submit this declaration in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. I have personal knowledge of the facts set forth herein, or have obtained such knowledge through my review of official District records maintained in the regular course of business.

2. The Massapequa School District is a K-12 public school district located in Massapequa, New York, serving approximately 6,564 students in nine schools. The 2026-2027 school year begins on September 2, 2026.

3. The Main Campus building contains a locker room for males and a locker room for females. It also contains bathroom facilities throughout the building designated as male, female, and non-gendered (i.e. gender neutral).

4. The Ames Campus building contains a locker room for males, a locker room for females, and a non-gendered locker room, all of which are utilized by students. It also contains bathroom facilities designated as male, female, and non-gendered throughout the building.

5. Any student who prefers not to use the multi-user facility corresponding to his or her biological sex may use one of these private, single-user facilities instead.

6. For the entire history of the District's schools, intimate facilities have been separated by biological sex. Prior to September 2025, there was no specific written guidance on the use of intimate space facilities beyond this longstanding practice.

7. At the start of the 2025-2026 school year, the District became aware of several incidents where biological males entered the girls' bathrooms and locker rooms. Female students complained of harassment and invasions of their privacy stemming from these incidents.

8. These complaints were among the reasons the Board determined that a formal policy clarification was necessary. On September 9, 2025 and September 18, 2025, the Board of Education adopted Resolutions formalizing the District's longstanding practice and directed the Superintendent to enforce and carry out the policy.

9. Under the Resolutions, every student is required to use facilities corresponding to their biological sex, and any student who requests an alternative arrangement is provided access to a designated gender-neutral facility.

10. After the Resolutions were enacted, biological males no longer entered the girls' bathroom or locker room and no incidents were reported by female students.

11. On September 24, 2025, Commissioner Rosa sent a letter to the President of the District asserting that the District "violate[d] state laws," that "[t]here is no federal law to the contrary," and warning that "enforcement actions may result." The letter cited no statutory authority, only the Commissioner's own February 2025 joint statement with the Attorney General.

12. I understand that the Commissioner's office forwarded that letter to the New York Civil Liberties Union ("NYCLU"), which then filed an appeal of the Resolutions before the Commissioner on behalf of the Does (the "Doe Proceeding").

13. The Commissioner issued a stay order in the Doe Proceeding in October 2025. Following the stay order, a biological male proceeded to use the girls' bathroom and locker room 2025, and there were additional complaints from female students throughout the school year. The harm returned immediately after the stay order was entered.

14. On October 21, 2025, Plaintiffs filed a Complaint with this Court arguing that New York's prohibition on sex-separated intimate facilities is federally preempted by Title IX.

15. On April 20, 2026, the Commissioner issued her final decision annulling the Resolutions and ordering the District to "allow all students to access the school facilities, including bathrooms and locker rooms, that most closely align with their gender identity." The Commissioner's Order rejected Plaintiffs' Title IX preemption argument, asserting that "there is nothing in Title IX, its implementing regulations, or the executive orders relied on by respondents that conflicts with the State laws that are within my purview to enforce."

16. On August 20, 2026, the United States Department of Justice sent a letter to Plaintiffs' counsel stating that Title IX's use of "sex" means "biological sex," that biological males entering girls' intimate spaces "harms girls and accordingly violates Title IX," and that "pursuant to the Supremacy Clause . . . Title IX would preempt any state or local law or regulation that

directly conflicts with Title IX."

17. The DOJ's letter confirms that the federal government views compliance with the Commissioner's Order as a Title IX violation. On August 20, 2026, Plaintiffs filed a Supplemental Amended Complaint incorporating the Commissioner's Order and noting that Janie Doe will be attending the Main Campus for the 2026-2027 school year.

18. On August 24, 2026, Plaintiffs voluntarily dismissed their claims against the federal defendants because the August 20, 2026 letter set forth the Federal Defendants' position.

19. At Board of Education meetings in and after October 2025 and throughout the 2025-2026 school year, several students and parents expressed concerns about the Commissioner's order and biological students in female bathrooms and locker rooms.

20. For example, R.H., a biological female student who attends the same school as Janie Doe and is a member of the Student Council, testified publicly at the October 9, 2025 Board meeting that she had "been in [the] bathroom with transgender people and [has] never been more uncomfortable in [her] life"; that "[f]riends do not change for gym now because they are so scared"; that "I don't think anyone understands the feeling of having someone who is not the same gender as you in the same room as you as you are getting undressed"; and "I don't think we should even consider having them in the same room as us when we are getting undressed or when we are in the bathroom." (Board Meeting, Oct. 9, 2025, at 1:00:08–1:01:33.).

21. Patricia Foley, a mother of two daughters in the District, testified that biological males in the locker room adds to girls' discomfort "of changing in front of [others]." Board Meeting, Oct. 9, 2025, at 48:09–49:56. Since that time I have received numerous phone calls from parents complaining that the District is forcing their female children to share intimate spaces with a biological male.

22. Janie Doe is a biological male who identifies as female and is entering 10th grade for the 2026-2027 school year.

23. Janie Doe previously attended the Ames Campus, a small single-grade school with gender-neutral bathrooms throughout the building and a gender-neutral locker room located immediately next to the gymnasium.

24. Janie Doe is now transferring to the Main Campus for the 2026-2027 school year. Under the Commissioner's Order, the District must allow Janie Doe into the girls' locker room at Main Campus, where adolescent girls change for gym class and undress for athletics.

25. As a result, a new and larger population of female students will be subject to sharing intimate spaces with a biological male, absent emergency relief from this Court.

26. The District runs on a narrow budget and requires both its federal and state funding sources to provide the educational services it is legally obligated to provide. The loss of either source of funding would result in dire consequences for the District and the students it serves.

27. Commissioner Rosa and other state officials have explicitly threatened "enforcement actions" if the District maintains its policy of separating facilities by biological sex.

28. If the District follows Title IX and maintains facilities separated by biological sex, it violates the Commissioner's Order and exposes itself to state enforcement—risking the loss of millions of dollars in annual state aid.

29. If the District complies with the Commissioner's Order, it violates Title IX and risks losing millions of dollars in annual federal funding as set forth in the USDOJ August 20, 2026 letter and as exemplified by parallel enforcement actions the United States Department of Education has brought against other school districts throughout the Country, including in the State of New York

30. The District cannot comply with both mandates simultaneously. The District's budget for the 2026-2027 school year is already established and cannot be altered. Withdrawal of state or federal funding will result in the District being forced to withdraw critical services its constituents expect and need. Further, if state or federal funding is lost for future years, the District will similarly need to withdraw critical services as the District is limited by how much it can increase the budget funded by its taxpayers by law.

31. Absent emergency relief from this Court, Commissioner Rosa's Order will require the District to allow all students to access school facilities, including bathrooms and locker rooms, that most closely align with their gender identity.

32. The injunction sought by Plaintiffs would ensure that the District would not be subject to a state enforcement actions for complying with Title IX and restore the status quo that has prevailed for the entire history of the District's schools—intimate facilities separated by biological sex, with gender-neutral alternatives available to any student, including Janie Doe.

33. The Commissioner's Order—not the District's Resolutions—is the disruptive act that altered the longstanding arrangement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 1, 2026

Kerry Wachter